Eric Stephenson #9779
Attorney for Plaintiff
360 North Cutler Drive
North Salt Lake, Utah 84054
Telephone:  (801) 297-2494
Facsimile:  (801) 297-2511
Email: Eric@Utahjustice.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| Luis Gallegos | **COMPLAINT AND JURY DEMAND** |
| Plaintiff, | |
| v. | |
| LVNV Funding LLC, Constantino Law Office, P.C., Gregory Constantino. | Case Number:   2:14-cv-00516-BCW |
| | Judge: |
| Defendants. | JURY DEMANDED |

COMES NOW Plaintiff, Luis Gallegos, by and through counsel and complains as follows:

JURISDICTION

1. This action arises from Defendants' violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq.* and other common law theories.

2. Jurisdiction in this case is founded upon 28 U.S.C. § 1331, § 1367, and 15 U.S.C. § 1692k which grant the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3. This Court has personal jurisdiction over all the Defendants in this case because they each have continuous and systematic contacts with the State of Utah including, but not limited

1

to, operating and maintaining businesses in Utah, regularly collecting or attempting to collect money from Utah consumers, regularly contacting consumers in Utah by telephone, email, and postal mail, and by availing themselves of the benefits of Utah law and of the Utah court systems.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## PARTIES

5. The Plaintiff Luis Gallegos is a natural person who resides in the State of Utah. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and was affected by the FDCPA and other violations complained of herein.

6. Defendant LVNV Funding LLC, is a collection agency regularly conducting business in the State of Utah and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Its principle place of business is located at 625 Pilot Road STE 3, Las Vegas, NV 89119.

7. Although Defendant LVNV Funding is conducting a collection agency, collection bureau, or collection office in this state, it is not registered or bonded as a debt collection agency in Utah as is required under Utah Code Ann. § 12-1-1.

8. Defendant Constantino Law Office P.C., is a collection agency regularly conducting business in the State of Utah and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Its principle place of business is located at 8537 South Redwood Road, Suite D West Jordan, Utah 84088.

9. Defendant Gregory Constantino is a collection attorney regularly conducting business in the State of Utah and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). His

      principle place of business is located at 8537 South Redwood Road, Suite D, West Jordan, Utah 84088.

10. At all times relevant to this case, the Defendants were and are each a "person" as defined in Utah Code Ann. § 13-11-3(5), and a "supplier" as defined in Utah Code Ann. § 13-11-3(6).

11. Defendants' regular and principle business purpose is the collection of debt they acquired from another when it was past due.

12. During the course of their efforts to regularly collect past due debt originally owed or due to another, Defendants use various instrumentalities of interstate commerce such as mail, telephone, Internet, and Internet electronic mail.

## FACTUAL ALLEGATIONS

13. Plaintiff hereby incorporates all other allegations set forth in this complaint.

14. Upon information and belief, sometime prior to December 2010, Plaintiff's father or other third party incurred a financial obligation from Credit One Bank that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Sometime thereafter, that debt (hereafter referred to as the "alleged debt") fell into default and was assigned to Defendants for collection purposes.

### The First State Case

16. On or about October 24, 2012, Defendants served Plaintiff with a 10-day summons and complaint in an attempt to collect the alleged debt. That summons and complaint was a "communication" as defined by 15 U.S.C. § 1692a(2).

17. Upon receiving the summons and complaint, Plaintiff called Defendants and informed them of his name, address, date of birth, and Social Security number, that he disputed and did not incur the alleged debt, and that Defendants were collecting the alleged debt from him unlawfully. During that call Defendants acknowledged Plaintiff was not responsible for the alleged debt and assured him they would stop attempting to collect it from him.

18. Despite having received notice that Plaintiff disputed the alleged debt and was not the actual debtor, Defendants filed a lawsuit against Plaintiff or about October 31, 2012.

19. Plaintiff answered the Defendants' complaint sometime between November 10, 2012 and November 14, 2012. In his answer Plaintiff disputed the validity of the alleged debt and again informed Defendants that he was not responsible for the alleged debt.

20. Despite Plaintiff's answer, the Defendants did not voluntarily dismiss the first state case against Plaintiff but the court eventually dismissed that case for failure to prosecute on or about October 21, 2013.

21. On or about October 21, 2013, Defendants sent Plaintiff a letter in an attempt to collect the alleged debt. That letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

22. After Plaintiff received notice of the dismissal he called Defendants to discuss the matter. During that call, Plaintiff again disputed the validity of the alleged debt and informed Defendants of his name, address, Social Security Number, and date of birth. Defendants confirmed the case was dismissed and acknowledged that the alleged debt belonged to Plaintiff's father rather than the Plaintiff. Defendants also promised to stop attempting to

collect the alleged debt from Plaintiff. Plaintiff then called the Utah State Court and they too confirmed that the first state case was dismissed for failure to prosecute.

23. On or about November 8, 2013, Defendants requested a judgment against Plaintiff in the first state case even though that case was dismissed.

24. In requesting a judgment against Plaintiff, Defendants falsely represented that they were lawfully and factually entitled to judgment against Plaintiff.

25. In requesting a judgment against Plaintiff, Defendants falsely represented that Plaintiff "entered into an account agreement with CREDIT ONE BANK, N.A. where [he] was allowed to place charge and/or purchase merchandise on the account."

26. In requesting a judgment against Plaintiff, Defendants falsely represented that Plaintiff "agreed to repay the charges entered on the account."

27. In requesting a judgment against Plaintiff, Defendants falsely represented that, Plaintiff "agreed to pay the interest rate of 20.0000% on the balance owing."

28. In requesting a judgment against Plaintiff, Defendants falsely represented that, "the written terms of the contract" and "monthly billing statements" were sent to Plaintiff.

29. On or about December 27, 2013, Defendants requested the court enter a decision on its request for a judgment against the Plaintiff in the dismissed first state case.

30. On or about December 30, 2013, the court denied Defendants' request for a judgment against Plaintiff because the case had already been dismissed.

**The Second State Case**

31. On or about January 16, 2014, Defendants filed a second lawsuit against Plaintiff to collect the alleged debt.

32. On or about January 19, 2014, Defendants had a uniformed police officer serve Plaintiff with a 10-day summons and complaint in an attempt to collect the alleged debt. That summons and complaint was a "communication" as defined by 15 U.S.C. § 1692a(2).

33. Upon receiving the summons and complaint for the second state case against him, Plaintiff called Defendants and again disputed the validity of the alleged debt and advised them of his name, address, date of birth, and Social Security number and that he is not responsible for repayment of the alleged debt. Defendants acknowledged that the Plaintiff was not responsible for the alleged debt but nonetheless threatened to continue attempting to collect it from him, to obtain a judgment against him, and to garnish his wages unless he provided them with contact information for his father.

34. On or about February 14, 2014, Defendants requested a default judgment against Plaintiff in the second state case even though they knew Plaintiff was not responsible for the alleged debt. The court granted that judgment on or about February 18, 2014.

35. On or about March 6, 2014, Defendants requested access to Plaintiff's private employment records even though they knew Plaintiff was not responsible for the alleged debt. The court granted that order on or about April 1, 2014.

36. As of the date of the filing of this lawsuit no further activity appears on the docket in the second state case but Defendants have not voluntarily dismissed that case.

37. Upon information and belief, Defendants are continuing to attempt to collect the alleged debt even though they know Plaintiff is not responsible for that debt.

**Additional Allegations**

38. Plaintiff does not owe and has never owed Defendants or anyone else for the alleged debt.

39. Before Defendants ever filed either case against Plaintiff to collect the alleged debt they knew, should have known, and had a duty to know Plaintiff was not responsible for the alleged debt.

40. Even after they discovered Plaintiff was not responsible for the alleged debt Defendants failed to terminate their attempts to collect it from him.

41. Upon information and belief, Defendants have unlawfully reported negative credit information they know to be untrue about the Plaintiff to the three major credit bureaus, Equifax, TransUnion, and Experian, pertaining to the alleged debt.

42. It was never lawful and Defendants were never entitled to collect the alleged debt from Plaintiff, to sue Plaintiff, to garnish or threaten to garnish Plaintiff's wages, or to report or threaten to report information about the Plaintiff to the credit bureaus.

43. Defendants knew or should have known of the risk that attempting to collect the alleged debt from Plaintiff would likely cause various forms of economic and emotional harm against the Plaintiff but the Defendants nonetheless consciously assumed that risk or alternatively did not care about the consequences of their actions.

44. Defendants requests, letters, and notifications as described herein constitute "communications" as defined in 15 U.S.C. § 1692a(2) and "consumer transactions" as defined in Utah Code Ann. § 13-11-3(2).

45. Each lawsuit Defendants caused to be filed against the Plaintiff and the other conduct Defendants engaged in as described herein to collect the alleged debt constitute a collection or attempt to collect a debt under the FDCPA and a consumer transaction under the UCSPA.

46. Defendants failed to ever provide Plaintiff with the notice required by 15 U.S.C. § 1692g.

47. The Defendants collection activity described herein violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692c(c), 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(6), 1692e(8), 1692e(9), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g amongst others.

48. The series of unlawful collection conduct described herein caused Plaintiff to suffer from emotional distress, anxiety, anger, frustration, fear, nervousness, embarrassment, sleeplessness, and humiliation.

49. The series of unlawful collection conduct described herein caused Plaintiff to suffer from fear, anxiety, and sleeplessness due to a reasonable belief that he could be arrested, imprisoned, have his wages garnished, or otherwise be forced to pay for the alleged debt or be otherwise punished for failing to pay the alleged debt.

50. The series of unlawful collection conduct described herein caused Plaintiff to suffer from embarrassment, humiliation, and fear as his children witnessed a uniformed police officer

serving legal documents on Plaintiff which caused his children fear, confusion, anxiety, and a reasonable belief that Plaintiff might be arrested or imprisoned.

51. Defendants disregarded or failed to reasonably consider and evaluate information about Plaintiff that they were provided with or had access to from all available sources. Such information included Plaintiff's name, address, Social Security number, and date of birth. Upon information and belief, Defendants also had access to other information about Plaintiff that would have led to the reasonable conclusion that Plaintiff was not responsible for the alleged debt.

52. The conduct, actions, and omissions by which Defendants collected the alleged debt as described herein were violations of the UCSPA, including but not limited to Utah Code Ann. § 13-11-4 and 13-11-5.

53. Each of the actions, omissions, and communications of the Defendants as discussed herein that violated the FDCPA and UCSPA would have misled the least sophisticated consumer or any person of average intelligence.

## Respondeat Superior Liability

54. At all times relevant to this lawsuit the Constantino Defendants were agents of Defendant LVNV which exercised control over, was aware of, or ratified the Constantino Defendants' conduct and activities described herein.

55. Each of the Defendants' conduct described herein that violated the FDCPA occurred within the course and scope of the Constantino Defendants' employment for LVNV. The acts and omissions of the Defendants as described herein were the same general kind of

responsibilities the Constantino Defendants were authorized to perform by LVNV in collecting consumer debts.

56. The acts and omissions of the Defendants as described herein were committed within the time and space limits of the Defendants' agency relationship with each other.

57. By committing the acts and omissions as described herein against Plaintiffs, the Constantino Defendants were motivated to benefit LVNV and serve its interests.

58. Defendants are therefore liable to Plaintiff jointly and severally through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions of each other in violation of the FDCPA and other common law theories as discussed herein.

## COUNT I
### Fair Debt Collection Practices Act

59. Plaintiff hereby incorporates all other allegations set forth in this complaint.

60. In connection with the collection of the alleged debt, Defendants' actions, omissions, and representations as discussed herein constitute numerous and multiple violations of the FDCPA against the Plaintiff including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

61. As a result of each of Defendants' violations of the FDCPA as discussed herein, Plaintiff was harmed as described herein and is entitled to an award against Defendants for his actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

COUNT II
Utah Consumer Sales Practices Act

62. Plaintiff hereby incorporates all other allegations set forth in this complaint.

63. In connection with collecting the debt Defendants' actions, omissions, communications, and representations discussed herein constitute numerous and multiple violations of the Utah Consumer Sales Practices Act against the Plaintiff including, but not limited to, each and every one of the above-cited provisions of the UCSPA, Utah Code Ann. § 13-11-1 *et seq.*

64. As a result of each of Defendants' violations of the UCSPA as discussed herein, Plaintiff was harmed as described herein and is entitled to an award against Defendants for actual damages or $2,000.00 statutory damages (whichever is higher), punitive damages, and attorney's fees and costs from Defendants pursuant to Utah Code Ann. § 13-11-19 and Utah Code Ann. § 78B-8-201.

COUNT III
Invasion of Privacy

65. Plaintiffs hereby incorporate all other allegations set forth in this complaint.

66. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings, "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**." 15 U.S.C. § 1692(a) (emphasis added).

67. Defendants intentionally or negligently invaded Plaintiff's right to privacy by interfering, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of

11

the Plaintiff by unlawfully attempting to collect a debt from Plaintiff and by obtaining Plaintiff's private employment information.

68. Defendants intentionally or negligently invaded Plaintiff's right to privacy by causing emotional harm to Plaintiff in engaging in the highly offensive conduct described herein in the course of collecting the alleged debt.

69. At all times relevant to this lawsuit Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private financial information, and private concerns or affairs.

70. The conduct of the Defendants in engaging in the above-described illegal collection conduct against Plaintiff resulted in multiple intrusions and invasions of privacy by the Defendants in a way that would be highly offensive to a reasonable person in that position.

71. As a result of the Defendants' intrusions upon Plaintiff's seclusion and invasions of Plaintiff's privacy, Plaintiff was harmed and suffered damages as described herein and are entitled to an award against Defendants for actual damages in an amount to be determined at trial.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants jointly and severally as follows:

1. For actual damages in an amount to be determined at trial.
2. For statutory damages in an amount to be determined at trial.
3. For punitive damages in an amount to be determined at trial.
4. For Plaintiff's attorney's fees and costs.

5. For pre-judgment and post judgment interest at the legal rates.

6. For permission to amend Plaintiff's complaint should such amendment become appropriate during the course of discovery.

7. For such other and further additional relief as may be determined through discovery to be appropriate and as the Court may find just, equitable, and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 14th day of July, 2014.

/s/ Eric Stephenson
Attorney for Plaintiff