Richard DeLoney
Bar No. 5601
P.O. Box 900536
Sandy, UT 84090-536
Telephone:  (925) 335-6639
Facsimile:  (887) 735-1696
E-Mail:  richdeloney@gmail.com

Attorney for Defendant LVNV Funding LLC

---

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| Luis Gallegos | **ANSWER TO COMPLAINT** |
| Plaintiff, | Civil Case No.: 2:14-cv-00516-BCW |
| v. | Magistrate Judge Brooke C. Wells |
| LVNV Funding LLC, Constantino Law Office, P.C., Gregory Constantino, | |
| Defendants. | |

Defendant LVNV Funding LLC ("Defendant") hereby answers the Complaint of Plaintiff Luis Gallegos ("Plaintiff") as set forth below.

### FIRST DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant responds to the specifically numbered paragraphs of Plaintiff's Complaint as follows:

1.      Defendant admits that Plaintiff alleges violations of the FDCPA.  Defendant denies that Plaintiff's allegations have merit, and further denies any remaining allegations in paragraph 1 of Plaintiff's Complaint.

2.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

3.      To the extent the allegations in Paragraph 3 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Moreover, Defendant denies said allegations as they constitute legal conclusions.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

4.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

5.      Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiff resides in Utah.  Defendant denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint, which also constitute legal conclusions.

6.      Defendant admits that its principal place of business is located at 625 Pilot Road, Suite 3, Las Vegas, NV 89119.  Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint, which also constitute legal conclusions.

7.      Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

8.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.  Moreover, these allegations are not directed at Defendant, and therefore, no response is required.

9.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.  Moreover, these allegations are not directed at Defendant, and therefore, no response is required.

10.     Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

11.     Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

12.     Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

13.     Defendant incorporates by reference all other responses set forth in this Answer.

14.     Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

15.     Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

16.     To the extent the allegations in Paragraph 16 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Moreover, Defendant denies said allegations as they constitute legal conclusions.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

17.     To the extent the allegations in Paragraph 17 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

18.     To the extent the allegations in Paragraph 18 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

19.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

20.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

21.     To the extent the allegations in Paragraph 21 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Moreover, Defendant denies said allegations as they constitute legal conclusions.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

22.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

23.     To the extent the allegations in Paragraph 23 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     To the extent the allegations in Paragraph 29 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

30.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

31.     To the extent the allegations in Paragraph 31 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

32.     To the extent the allegations in Paragraph 32 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Moreover, Defendant denies said allegations as they constitute legal conclusions.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

33.     To the extent the allegations in Paragraph 33 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

34.     To the extent the allegations in Paragraph 34 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Moreover, Defendant denies said allegations as they constitute legal conclusions.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

35.     To the extent the allegations in Paragraph 35 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Moreover, Defendant denies said allegations as they constitute legal conclusions.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

36.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

37.     To the extent the allegations in Paragraph 37 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Moreover, Defendant denies said allegations as they constitute legal conclusions.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

38.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

39.     To the extent the allegations in Paragraph 39 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Moreover, Defendant denies said allegations as they constitute legal conclusions.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

40.     To the extent the allegations in Paragraph 40 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

41.     To the extent the allegations in Paragraph 41 of Plaintiff's Complaint are directed at Defendant, Defendant denies them.  Defendant lacks sufficient knowledge to respond to the allegations to the extent they pertain to other parties.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

45.     Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

46.     Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

47.    Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

48.    Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.    Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50.    Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.    Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.    Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

53.    Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

54.    Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

55.    Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

56.    Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

57.    Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

58.    Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

59.     Defendant incorporates by reference all other responses set forth in this Answer.

60.     Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

61.     Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

62.     Defendant incorporates by reference all other responses set forth in this Answer.

63.     Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

64.     Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

65.     Defendant incorporates by reference all other responses set forth in this Answer.

66.     Paragraph 66 of Plaintiff's Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.  Moreover, these allegations constitute legal conclusions to which no response is required.

67.     Defendant denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Defendant denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69.     Paragraph 69 of Plaintiff's Complaint contains no affirmative allegations against Defendant.  To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.  Moreover, these allegations constitute legal conclusions to which no response is required.

70.     Defendant denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations in Paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief.

73.     Defendant admits that Plaintiff demands a jury trial.

## THIRD DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute or statutes of limitations.

## FOURTH DEFENSE

As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## FIFTH DEFENSE

As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged, which Defendant denies, then Plaintiff's damages are limited by statute.

## SIXTH DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be,

barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## SEVENTH DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or others, including but not limited to Plaintiff's father and/or the other parties to this case, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct, and/or the conduct of others, contributed to the cause of Plaintiff's alleged injuries, losses or damages.

## EIGHTH DEFENSE

As a separate, affirmative defense, Defendant alleges that it is not a "debt collector" within the meaning of the FDCPA.

## NINTH DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred by the litigation privilege and/or similar doctrines.

## TENTH DEFENSE

As a separate, and alternative defense, Defendant asserts that a federal Court does not have jurisdiction to review collateral attacks on final judgments of a state court, and that Plaintiff's claims are barred by the Rooker-Feldman doctrine.

{00023527;1}

### ELEVENTH DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### TWELFTH DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not have actual nor constructive notice of the alleged facts in Plaintiff's Complaint.

### THIRTEENTH DEFENSE

As a separate, affirmative defense, Defendant alleges that federal law may preempt some or all of Plaintiff's claims and causes of action, and said claims and causes of action are therefore barred as a matter of law.

### FOURTEENTH DEFENSE

Any injuries, damages or losses, if any, sustained by Plaintiff were directly and proximately caused or contributed by Plaintiff having known of the alleged risks and hazards referred to in the Complaint, and despite such knowledge, having voluntarily assumed the risk of the very loss, injuries and damages for which Plaintiff now seeks recovery.  Such assumption of the risk by Plaintiff bars any recovery against Defendant.

### FIFTEENTH DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred by the doctrines of unclean hands, laches, waiver, res judicata and/or estoppel.

### SIXTEENTH DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiffs had no reasonable expectation of privacy with respect to Defendant's alleged conduct.

### SEVENTEENTH DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a cause of action supporting punitive damages, and that the imposition of such damages would violate Defendant's constitutional due process rights.

### EIGHTEENTH DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that an invasion of privacy occurred, which presupposition Defendant denies, such invasion of privacy was justified due to legitimate, competing, and countervailing interests of Defendant.

### NINETEENTH DEFENSE

As a separate, affirmative defense, Defendant alleges that its alleged conduct was not offensive or objectionable to a reasonable person of ordinary sensibilities, and is therefore not actionable.

### TWENTIETH DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent Defendant was required by law to transmit a message.

### TWENTY-FIRST DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims may be subject

to an arbitration agreement requiring said claims to be decided by mandatory and binding arbitration.  If so, Defendant reserves its right to seek arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act and/or other statutes.

TWENTY-SECOND DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

TWENTY-THIRD DEFENSE

As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.  Defendant further reserves the right to counterclaim, cross-claim, join additional parties, and amend where appropriate.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

Respectfully submitted,

Dated:  November 6, 2014          By:     s/Richard DeLoney_____
                                          Richard DeLoney
                                          Bar No. 5601
                                          P.O. Box 900536
                                          Sandy, UT 84090-536
                                          Telephone:  (925) 335-6639
                                          Facsimile:  (887) 735-1696
                                          E-Mail:  richdeloney@gmail.com